UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LARRY E. HARRISON,

                Plaintiff,                      Case No. 1:15-cv-1007

v.                                            Honorable Gordon J. Quist

WILLIAM E. COLLETTE et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act (PLRA), PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Defendant Collette will be dismissed for failure to state a claim, as he is entitled to absolute judicial immunity. Plaintiff's action against the remaining Defendants will be dismissed without prejudice for improper joinder.

**Factual Allegations**

Plaintiff Larry E. Harrison presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF), though the actions about which he complains occurred over a period of years during which he was housed at both the Michigan Reformatory (RMI) and ECF. Plaintiff sues 31 Defendants: Ingham County Judge William E. Collette; MDOC Director Heidi Washington; MDOC Chief Medical Officer (unknown) Kerstein; MDOC Dietician Norma Killough; MDOC Dental Department; State Administrative Board; RMI Librarian Ladean Lemke; RMI employee Patricia Willard; RMI Unit Case Manager Laci Germbowski[1]; RMI Correctional Officer (unknown) Wawrnyskie; RMI Warden Carmen Palmer; RMI Assistant Deputy Warden Scott Schooley; RMI Health Care Manager Bryan Deeren; RMI Nurses (unknown) Jastifer, Barbara J. Mulnx, Kaylene Graham, and Todd Lambert; RMI mental health employee Bob Holue[2]; Corizon; RMI Doctor William E. Schmuggerow; consulting Doctor Iftiker K. Ahamad; ECF Warden Thomas Mackie; ECF Administrative Assistant to the Warden Eric Smith; ECF Assistant Deputy Wardens (unknown) Ball and (unknown) Sharp; ECF Doctor Robert Crompton; ECF Health Unit Manager Rick Bookheimer; ECF Resident Unit Manager (unknown) Thomas; ECF Librarian John Murphy; ECF Assistant Librarian (unknown) Sikon; and Aramark.

Plaintiff's 99-page complaint appears to detail every matter with which he has been unhappy from 2012 to the present: interference with his access to the courts and dismissal of his state-court action; denial of his access to legal research and copying; improper handling of his legal mail; confiscation and destruction of his written materials on the UCC; mishandling of his

---

[1] Plaintiff spells Defendant Germbowski's name variously as "Germbowski" and "Grimbowski." The Court will employ the spelling first used by Plaintiff.

[2] Plaintiff spells Defendant Holue's name variously as "Holue" and "Houle." The Court will employ the spelling first used by Plaintiff.

grievances; inadequacy of his medical treatment for Hirschsprung's Disease[3] and vitiligo; failures to provide replacement dentures; refusals to grant multiple medical and cleaning accommodations and details and the withdrawal of such details; refusals to provide a medically necessary diet; interference with his religious diet; and retaliation for the filing of his many complaints and grievances.

He seeks declaratory and injunctive relief, together with compensatory and punitive damages.

## Discussion

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

---

[3] Plaintiff describes in graphic and excessive detail his missing anus, the workings of his bowels and digestion; and the unusual nature of Hirschsprung's Disease.

550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Defendant Collette

On August 30, 2012, Plaintiff filed one original and twelve copies of a complaint in the 30th Circuit (Ingham County) Court of Claims, and the court issued summonses. On September 7, 2012, Plaintiff allegedly served a summons and complaint on two defendants, Doctor Christopher Marquart and Hackley Hospital. During the next week, Plaintiff filed two amended complaints, and the court issued summonses for Doctors Squire and Coleman on September 18, 2012, both of which were due to expire on December 18, 2012. On September 25, 2012, the clerk issued yet another summons, which expired on November 30, 2012, for service on Raymond Ingraham, Fox, Huntley, and Grigsby. Plaintiff purportedly filed proofs of service applicable to ordinary, first-class mail. On December 18, 2012, Hon. William E. Collette dismissed Plaintiff's action on the ground that

Plaintiff had failed to serve the defendants with a copy of the summons and complaint. Plaintiff sought relief from judgment, asserting that the defendants had actual notice, even if the proper method had not been used. He argued there, as he did in *Harrison v. Palmer et al.*, No. 1:15-cv-1005 (W.D. Mich.),[4] and this action, that Defendant Judge Collette violated his due process rights when he dismissed Plaintiff's lawsuit in 2012.

Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that Judge Colette performed a judicial act and was acting within his jurisdiction in doing so. Accordingly, Judge Collette is absolutely immune from liability. Because Judge Collette is immune from liability in this case, Plaintiff may not maintain an action for monetary damages against him. 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[4] In *Harrison v. Palmer et al.*, No. 1:15-cv-1005, Plaintiff sued two court clerks as well as the warden and the mail room supervisor at RMI, but he did not name Judge Collette as a defendant in the action.

Moreover, injunctive relief is also not available under § 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, his claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

Because Defendant Collette is entitled to absolute judicial immunity, Plaintiff's claim against Collette fails to state a claim. *See Barnes v. Winchell*, 105 F.3d 1111, 1123 (6th Cir. 1997) (dismissal on the grounds of judicial immunity is a dismissal for failure to state a claim).

### B.  Remaining Defendants

As previously discussed, Plaintiff brings claims concerning alleged actions and failures to act spanning three years involving 31 Defendants. Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 CHARLES ALLEN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE CIVIL § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and *Garcia v. Munoz*, No. 08-1648, 2007 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778. When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Michigan Dep't of Corrs.*, 2007 WL 4465247, *3 (E.D. Mich. Dec. 18, 2007)).

Permitting the improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F. 3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form.

*See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F. 3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F. 3d 596, 603 (6th Cir. 1998).

The Seventh Circuit has explained that a prisoner like plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person -- say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions -- should be rejected if filed by a prisoner.

*George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168-69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Patton v. Jefferson Corr. Ctr.*, 136 F. 3d 458, 464 (5th Cir. 1998); *Shephard v. Edwards*, 2001 WL 1681145, at *1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate

prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule). To allow Plaintiff to proceed with these improperly joined claims and defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a strike for purposes of § 1915(g), should any of his claims turn out to be frivolous.

Defendant Collette is the first Defendant named in Plaintiff's action. Plaintiff makes no allegations against any other Defendant that are related to his failure to timely serve the defendants in the state-court action. As a result, no claim against any of the other 30 Defendants is transactionally related to his claim against Defendant Collette.

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and

potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV, Inc.*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Building Co.*, 848 F.2d at 682.

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). In addition, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).

Most of the actions about which Plaintiff complains occurred in 2014 and 2015, well within the three-year period of limitations. Those claims are not at risk of being time-barred. However, Plaintiff makes a handful of allegations about conduct that occurred in July and August of 2012. Specifically, he alleges that, on July 18, 2012, Defendants Lemke and Germbowski confiscated certain documents that ostensibly were important to his efforts to settle his dispute out of court in the dismissed case. Plaintiff suggests that the confiscated materials were related to the

Uniform Commercial Code.  Plaintiff also alleges that, on August 28, 2012, he delivered an original copy of the summons and complaint of his state court action to Germbowski, seeking to have it sent by certified mail.  Germbowski apparently delivered the mail to the mail room, but the mail room rejected Plaintiff's request to mail the documents by certified mail, in order to accomplish service on the defendant.  On August 31, 2012, Plaintiff again gave the summons and complaint to Germbowski for regular mailing.  Plaintiff does not allege that Germbowski failed to deliver the documents to the mail room.

The actions by Lemke and Germbowski taken in July and August 2012 arguably are already time-barred, as they occurred more than three years before Plaintiff filed his complaint on September 28, 2015.[5]  Even if not time-barred, however, the claims against Defendants Lemke and Germbowski from 2012 fail to state a claim.  To the extent that Plaintiff alleges that Lemke and Germbowski violated his right to due process by confiscating his UCC materials, his claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Moreover, to the extent that Plaintiff suggests that the confiscation of his material deprived him of access to the courts, he fails to allege that the deprivation of the UCC-material cause any actual injury to his litigation, within the meaning of *Lewis v. Casey*, 518 U.S. 343, 349 (1996), and *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3).

---

[5]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on September 28, 2015, and it was received by the Court on October 5, 2015.  Thus, it must have been handed to prison officials for mailing at some time between September 28 and October 5, 2015.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

As a consequence, the only claims at risk of dismissal because of the statute of limitations are either already time-barred or meritless. Plaintiff therefore will not suffer gratuitous harm if the improperly joined Defendants are dismissed. Accordingly, the Court will exercise its discretion under Rule 21 and dismiss all Defendants other than Defendant Collette from the action, without prejudice to the institution of new, separate lawsuits by Plaintiff against those Defendants.[6] *See Coughlin*, 130 F.3d at 1350 ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs"); *Carney*, 2008 WL 485204, at *3 (same). Plaintiff's complaint against Defendant Collette therefore will be dismissed with prejudice for failure to state a claim, as he is entitled to absolute judicial immunity.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), Defendant Collette will be dismissed for failure to state a claim. Plaintiff's action against all the remaining Defendants will be dismissed without prejudice for improper joinder.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

---

[6] As fully discussed in this opinion, Plaintiff is cautioned that he must limit all future actions to Defendants who are transactionally related to one another. Not all of the dismissed claims and Defendants would be properly brought in a single new action.

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).[7]

A Judgment consistent with this Opinion will be entered.


Dated:  November 6, 2015                             /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE

---

[7] The Sixth Circuit has held that a complete dismissal of a complaint, even if some claims were dismissed without prejudice, nonetheless qualifies as a strike within the meaning of 28 U.S.C. §1915(g). *See Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007).